Anna N. Dwight et al., Executors, etc., Respondents, *v.* The Germania Life Insurance Company, Appellant.

The Same, Respondents, *v.* The Washington Life Insurance Company, Appellant.

The Same, Respondents, *v.* The Manhattan Life Insurance Company, Appellant.

The Same, Respondents, *v.* The Metropolitan Life Insurance Company, Appellant.

The Same, Respondents, *v.* The Homœopathic Life Insurance Company, Appellant.

The Same, Respondents, *v.* The Brooklyn Life Insurance Company, Appellant.

The power of the Supreme Court to order bills of particulars extends to all descriptions of actions, and it may be exercised as well in behalf of the plaintiff as of the defendant.

The word "claim" in the provision of the Code of Civil Procedure (§ 531) providing that the court may "in any case direct a bill of the particulars of the *claim* of either party to be delivered to the adverse party," includes not merely a ground or cause of action upon which some affirmative relief is asked, but also, in case of a defendant, whatever is set up by him, based upon facts alleged as the reason why judgment should no go against him.

The said provision does not take away the power the court previously had of affixing a disability to disobedience of an order directing a bill of particulars.

In an action upon a policy of life insurance certain breaches of warranty in answering untruly questions in an application were set up as a defense, to wit, that the insured stated that he had made no other application for insurance which had been refused, whereas he had made such applications to companies unknown to defendant; also that he had not had bronchitis or spitting of blood, when in fact he had had both prior to the application; also that he had other insurance on his life in addition to those specified by him. The court, on motion for a bill of particulars, directed defendant to deliver to plaintiff's attorney a statement of the particular times and places at which it expected to prove

that the insured had bronchitis· and spitting of blood, also stating what other insurance in addition to those specified the defendant expects or intends to prove the insured had, specifying the name of the company and the date and amount of the policy ; also stating what applications for insurance were made which had not led to an assurance, specifying name of company, time when application was made, and date of application. The order also provided that defendant should be precluded from giving evidence on the trial of matter not specified in such bill of particulars. The General Term modified the order so as to allow defendant to give in evidence general admissions and declarations of the insured without regard to the bill of particulars. *Held,* that the court had power to grant such an order ; and that the granting of it in this case was not such an abuse of discretion as to authorize a review of it in this court.

The affidavits upon which the motion was made stated that plaintiffs do not know to what instances the said averments of the answer refer, but did not state that they do not know of some instances of the kind referred to. It was claimed that these allegations were not sufficient to authorize the court to entertain the motion. *Held,* untenable ; that the affidavits made a case for the exercise of the discretion of the court.

(Argued March 1, 1881; decided March 15, 1881.)

THESE were appeals from orders of the General Term of the Supreme Court, in the third judicial department, made May 4, 1880, modifying and affirming as modified orders of the Special Term, in each of the causes above entitled, which required the defendant to furnish a bill of particulars. (Reported below, 22 Hun, 167.)

Each action was brought upon a policy of insurance issued by the defendant upon the life of Walton Dwight, plaintiff's intestate.

In the cause first above entitled the answer set up among other things breaches of warranty as follows : That the application for the policy contained the following questions and answers :

"16. Has the party" (meaning the said Walton Dwight) "now or has the same ever had any of the following diseases : spitting of blood, bronchitis, consumption, liver complaint, rheumatism, etc. ? "

"And in answer to said question, the said Walton Dwight denied that he had ever had any of the said diseases specified, except rheumatism."

" 6. A. Whether the party to be assured is now or has been insured in this company; if so, state the number of the policy and the amount. B. Whether in other companies, in which, for what amount in each; state exactly on what kind of policy."

" That in answer to so much of said. question as related to insurance in other companies, the said Walton Dwight stated and represented that he was insured in the 'New York Mutual,' thereby meaning and intending the Mutual Life Insurance Company of New York, by a fifteen years' endowment policy for $10,00·; in the Connecticut Mutual Insurance Company, on an ordinary life policy, for $15,000; in the Washington, on an ordinary life policy, for $10,000, and in the Equitable, on an ordinary life policy, for $10,000."

" 6. C. Whether an insurance has been applied for with this or any other company, without having led to an insurance? If so, with which companies? And for what reason did the application not lead to an insurance?" And that to said question the said Dwight answered " No."

. " That * * * in and by the said application it was declared by the said Walton Dwight that the answers given by him were fair and true answers to the questions put to him, and it was acknowledged and agreed by the said Dwight that the statements made and embodied in the answers to the questions contained in said application were to form the basis of the contract for insurance for which he then applied, and that any untrue or fraudulent answers and any suppression of facts in regard to his health should render the policy null and void, and forfeit all payments made thereon."

" That, prior to the application for the said policy, the said Walton Dwight had had bronchitis and spitting of blood; that at the time of the said application the said Walton Dwight, having applied to the Mutual Life Insurance Company of New York for a policy on the life plan, had failed to obtain such policy, and that the said Mutual Life Insurance Company of New York refused to issue any policy upon the life of the said Dwight; that the said Dwight, at the time of the said application, and at the time of making the statements hereinbefore

mentioned, had not, and never had, a policy in the Connecticut Mutual Life Insurance Company for $15,000, or any sum, and that at the time when said application was made the said Dwight had other insurances upon his life in addition to those specified by him, which fact he suppressed, and had made applications for insurance to one or more companies to this defendant unknown, which had led to an assurance."

The order of the Special Term required that the defendant deliver, to the plaintiff's attorneys within twenty days after entry and notice of order, a statement in writing, under oath, stating the particular times and places at which the defendant expects or intends to prove that said Walton Dwight had bronchitis and spitting of blood, also stating what other insurance upon his life, in addition to those specified by him in his application, the defendant expects or intends to prove that said Walton Dwight had at the time when said application was made, specifying particularly the name of each company, also stating what applications for insurance to one or more companies which had not led to an assurance the defendant expects or intends to prove that said Dwight had made at the time when said application for the policy, upon which this action is brought, was made, specifying particularly the name of each company, etc.; and that defendant be precluded from giving evidence in regard to such matters upon the trial other than is so specified in such bill of particulars.

The General Term modified this order by adding thereto a clause directing that "neither any bill of particulars nor any thing in the order shall be construed as to prevent or have the effect of preventing the defendants from giving evidence of any declarations or statements, oral or written, made by the said plaintiff's testator, Walton Dwight of his having had bronchitis or spitting of blood, * * * which declarations or statements were general as to the times and places when and where the said Walton Dwight had said ailments, * * * or from giving evidence of any other confessions of said Dwight, which are otherwise admissible, * * *

which confessions are general as to the times and places of the matters in said confessions mentioned and confessed."

The answers in the other cases and the orders were similar.

*Jos. Larocque* for the Germania Life Insurance Company, appellant. The term " claim," as used in the last subdivision of section 531 of the Code of Civil Procedure, is synonymous with the word " demand," or " cause of action." (Code of Civil Procedure, §§ 500, 507; *Orvis* v. *Dana*, 1 Abb. N. C. 269.) A party is not bound to furnish matters of evidence to his adversary, which evidence, in itself, does not constitute a cause of action. ( *Willis* v. *Baily*, 19 Johns. 268.) The question as to the power of the court to make the order appealed from is one of law, and an appeal thereon lies to this court. (*Tilton* v. *Beecher*, 59 N. Y. 176.)

*James Thomson* for the Washington Life Insurance Company, appellant. Under the common law and the Code of Procedure bills of particulars were confined to demands for affirmative relief. (*People* v. *Monroe*, 4 Wend, 200; 2 Paine & Duer's Pr. 152.) All matters which a defendant might plead, by reason of which he would be entitled to defeat a plaintiff's recovery, other than counter-claims, are defenses. (Code of Civil Procedure, §§ 507, 511, 512.) To constitute a claim, in any proper sense of the term, there must be an affirmative demand. (Abbott's Law Dict., Claim; *Lawrence* v. *Miller*, 2 N. Y. 245, 254; *Jackson* v. *Losee*, 4 Sandf. Ch. 381; *Kneedler* v. *Steinberger*, 10 How. Pr. 67.) Under the Code, the time and place of a material traversable fact need not be stated, unless it is essential to the cause of action. (*People* v. *Ryder*, 12 N. Y. 433; Bliss on Code Pleading, § 296.) Leaving out of view every other consideration, the plaintiffs' own papers wholly failed to make a case entitling them to the order. (*Strong* v. *Strong*, 1 Abb. Pr. [N. S.] 233, 238; *Willis* v. *Bailey*, 19 Johns. 268.) This court reviews errors, not otherwise appealable, where the decision of the court below is

founded upon an erroneous view of its power to act, or of the law. · (*Tilton* v. *Beecher*, 59 N. Y. 176; *Equitable Life Assurance Society* v. *Stephens*, 63 id. 341; *Morris* v. *Wheeler*, 46 id. 708; *West Side Bk.* v. *Pugsley*, 47 id. 368; *Hanover F. Ins. Co.* v. *Tomlinson*, 50 id. 215.)

*James Otis Hoyt* for the Manhattan Life Insurance Company, appellant. The court had no power to order a bill of particulars of a defense which was not a claim. (Code of Civil· Procedure, § 531; *Orvis* v. *Dana*, 1· Abb. N. C. 268.) The plaintiffs, having shown that they have actual knowledge of sufficient facts to show them the particulars of the proposed defense, have not made such a case upon the papers as will allow the court to order a bill of particulars. (*United States* v. *Tilden; Tilton* v. *Beecher*, 59 N. Y. 186–7; *Blackïe* v. *Neilson;* 6 Bosw. 681–3; *Orvis* v. *Dana*, 1 Abb. N. C. 285; *Norlock* v. *Lediard*, 10 M. & W. 677; *Pringle* v. *Leverich*, 10 N. Y. W'kly Dig. 296.) The order is appealable to this court. (*Ogdensburgh & L. G. R. R. Co.* v. *V. & C. R. R. Co.*, 63 N. Y. 176.) The court had no power to preclude defendant from giving evidence of particulars of defense upon the trial, not stated in the bill of particulars, which might subsequently come to its knowledge, and by its order deprived defendant of a substantial right. (*Dooley* v. *Royal Baking Powder*, 1 Law Bulletin, 18.)

*William Henry Arnoux* for the Metropolitan Life Insurance Company and The Homœopathic Mutual Life Insurance Company, appellants. A bill of particulars is,, in its nature and scope, an enlargement and amplification of a pleading, and whatever cannot properly be embraced in a pleading cannot properly be directed by a court to be included in a bill of particulars. (*Matthews* v. *Hubbard*, 47 N. Y. 429; *Melvin* v. *Wood*, 3 Keyes, 533; *Pickering* v. *De Rochemont*, 45 N. H. 67; *Dean* v. *Mann*, 28 Conn. 352; *Davis* v. *Freeman*, 10 Mich. 188; *Bowman* v. *Earle*, 6 Duer, 691, 694; *People* v. *Monroe*, 4 Wend. 200; *Davis* v. *Free-*

*man*, 10 Mich. 188; *Fleurot* v. *Durand*, 14 Johns. 329; *Gilpin* v. *Howell*, 5 Penn. St. 41, 52; *Brown* v. *Calvert*, 4 Dana, 219; *Canal Co.* v. *Knapp*, 9 Pet. 541, 564; *Starkweather* v. *Kittle*, 17 Wend. 20; *Hall* v. *Sewell*, 9 Gill [Md.], 146; 1 Phillips on Evidence, 799, 801 [4th Am. ed.]; *Mercer* v. *Sayre*, 3 Johns. 246:) A bill of particulars is so much a part of the complaint that in several of the States it has been held that it is too late to demand a bill of particulars after defendant has answered. ( *Whitall* v. *Vaughn*, 3 Johns. L. R. [2 Penn.] 217; *Rice* v. *Annott*, 8 Gratt. 557; *McCarthy* v. *Mooney*, 41 Ill. 300; *Waterman* v. *Matlan*, 5 Fla. 211, 213; *Long* v. *Kinard*, Harp. 47; Tidd's Pr. 534; 6 Term R. 597.) Facts only are to be set forth in pleadings, and not the evidence which will be required to prove the existence of those facts, or the subordinate facts, which are the means of producing the state of facts relied on; and, in alleging a fact, it is not necessary to state such other facts as tend to prove the allegation. ( *Boyce* v. *Brown*, 7 Barb. 80; *Williams* v. *Wilcox*, 8 Ad. & El. 314, 331:) The court may, in any case, direct a bill of particulars of the claim of either party to be delivered to the adverse party. (Code of Civ. Proc., § 531; *King* v. *Cator*, 4 Burr, 2026; *Bartlett* v. *King*, 12 Mass. 545; *Ellis* v. *Paige*, 18 id. 43; *Nichols* v. *Squire*, 22 id. 168; *Commonwealth* v. *Cooley*, 27 id. 36; Sedgwick's Stat. and Const. Law, 126.) At common law the defendant could not be compelled to furnish a bill of particulars. (3 Bl. Com. 296; Co. Litt. 127.) A counter-claim is a claim which would constitute a cross-action, or upon which defendant might have maintained an action, and which, if successful, would defeat, diminish or in some way qualify plaintiff's recovery. ( *Nat. Fire Ins. Co.* v. *McKay*, 21 N. Y. 199; *Jarvis* v. *Peck*, 19 Wis. 74; *Holzbauer* v. *Heime*, 37 Mo. 443; *Hay* v. *Short*, 49 id. 139; *Dietrich* v. *Koch*, 35 Wis. 618; *Mattoon* v. *Baker*, 24 How. 329; *Prouty* v. *Eaton*, 41 Barb. 409.) The right of plaintiff to claim and defendant to counter-claim must be reciprocal, for there can be no counter-claim where the plaintiff has no claim. ( *Meyer* v. *Second*

*Ave. R. R. Co.,* 8 Bosw. 309; *Bellinger* v. *Craigue,* 31 Barb. 534; *Gates* v. *Preston,* 41 N. Y. 116.) It is broader and more comprehensive than set-off or recoupment. (*Vassar* v. *Livingston,* 13 N. Y. 248, 256; affirmed, 4 Duer, 285.) It embraces both set-off and recoupment. (*Wilder* v. *Boynton,* 63 Barb. 547; *Pattison* v. *Richards,* 22 id. 143; *Clinton* v. *Eddy,* 1 Lans. 61; *Leavenworth* v. *Packer,* 52 Barb. 132.) Throughout the Code the fixed and unalterable meaning of the word "claim" is the assertion of a legal right which may be the foundation of a remedy in any legal proceeding. (§§ 481, 501, 206, 701; *Brewster* v. *Sackett,* 1 Cow. 572.) It cannot be contended successfully that this court has no jurisdiction over this order on the ground of the insufficiency of the affidavit. (*Steuben Co. Bank* v. *Alberger,* 78 N. Y. 252.) Before ordering the bill of particulars we should have a bill of discovery. (*Youngs* v. *De Mott,* 1 Barb. 30.)

*Augustus Ford* for the Brooklyn Life Insurance Company, appellant. The order of the General Term is appe    e to this court. It decides a question of practice affecting a substantial right and not resting in discretion. (Code Civ. Proc., § 190, subd. 2; *Lawrence* v. *Farly,* 73 N. Y. 187; *Tripp* v. *Cook,* 26 Wend. 152; *Platt* v. *Monroe,* 34 Barb. 293; 10 Abb. [N. S.] 416, Court of Appeals.) The power to order a bill of particulars of a party's claim ought not to be exercised to exclude a meritorious defense, nor for the purpose of furnishing evidence to the opposite party. (*Gee* v. *Chase M. Co.,* 12 Hun, 630; *Strong* v. *Strong,* 1 Abb. Pr. [N. S.] 238; *Willis* v. *Bailey,* 19 Johns. 268.) A bill of particulars is to prevent surprise, not to furnish evidence. (*Fullerton* v. *Gaylord,* 7 Robt. 551; *Drake* v. *Thayer,* 5 id. 701.) Where, from the nature of the action, it appears that the party seeking the particulars knows as well as the adverse party the details he seeks, an application for an order for a bill of particulars will be denied. (*Blackie* v. *Neilson,* 6 Bosw. 681.) The plaintiffs were not entitled to a bill of particulars on the moving papers. (*Orvis* v. *Dana,* 1 Abb. N. C. 285; *Willis* v. *Bailey,* 19 Johns. 268;

*Depew* v. *Leal*, 5 Duer, 663; *Blackie* v. *Neilson*, 6 Bosw. *Fullerton* v. *Gaylord*, 7 Robt. 551.)

*Henry Smith* for respondents. The only question presented for review in this court is, whether the Supreme Court had power to make the order from which the appeal is brought. (*Tilton* v. *Beecher*, 59 N. Y. 180; *People* v. *Tweed*, 63 id. 194; *Livermore* v. *Bainbridge*, 56 id. 72; Code of Civ. Proc., §§ 1324, 190 [2].) The Special Term had power, under the statute, to make an order for a bill of particulars of matters alleged in defense. (Code of Civ. Proc., § 531; *Tilton* v. *Beecher*, 59 N. Y. 176.) The assumption by appellant that the word " claim," as used in this section of the Code, does not apply to matter alleged in a defense, and is only applicable to causes of action and counter-claims, is untenable. (*Orvis* v. *Dana*, 1 Abb. N. C. 281, 282.) It is the practice to order bills of particulars of matters alleged in defense. (*Eberhardt* v. *Schuster*, 6 Abb. N. C. 141; *Diossy* v. *Rust*, 11 Weekly Dig. 102 ) The court would have had power to grant a bill of particulars under the old practice, even though the restricted signification should be applied to the word " claim," as used in section 531. (*Tilton* v. *Beecher*, 59 N. Y. 180; *Orvis* v. *Dana*, 1 Abb. N. C. 281, 282; *Marshal* v. *Emperor Life*, 6 Best & S. 886; L. R., 1 Q. B. 85; *McCreight* v. *Stevens*, 1 H. & C. 452; *Pitts* v. *Chambers*, 1 F & F. 684; *West* v. *West*, 4 S, & T. 22; *Jackson* v. *Hillas*, 4 Irish [Eq.], 60; *Jones* v. *Bewicke*, L. R., 5 C. P. 32; *Combe* v. *Stephenson*, 31 L. T. R. [N. S.] 585; *Ireland* v. *Thompson*, 4 Bing. N. C. 940; *S. C.*, 6 Scott, 601; *Owen* v. *Nickerson*, 3 E. & E. 601; *Doe* v. *Duke of Newcastle*, 7 T. R. 332, note; *Bain* v. *McKay*, 5 U. C. Pr. 465; *Wood* v. *Wood*, 2 Pai. 112.) The court had the power to make the order in question, and to prescribe a penalty for disobedience to it. (*Com.* v. *Snelling*, 15 Pick. 321; *Bowman* v. *Earle*, 3 Duer, 691; *Kellogg* v. *Paine*, 8 How. Pr. 329.) The form of the order is a question of practice, which involves no substantial right, and which this court will not review. (*Hanover F. Ins. Co.* v. *Tomlinson*, 58 N. Y. 651.) It is proper

practice to impose a penalty for disobedience to the order. (*Ibbett* v. *Seaver*, 4 Dowling & Lowndes, 716; *Young* v. *Geiber*, 6 C. B. 552; *Com.* v. *Snelling*, 15 Pick. 321.)

Folger, Ch. J. These appeals, from orders directing the defendants to furnish bills of particulars of the matters alleged as defenses, bring up two questions. *First.* Is there power in the Supreme Court to grant such an order in such a case, and is such an order, therefore, discretionary with that court, and *prima facie* not reviewable here? *Second.* If that question be answered in the affirmative, are these orders an abuse of the discretion of the court, so as to make them the subject of review by this court?

First. Unless changed by statute law, the power of the Supreme Court to order bills of particulars is not confined to actions upon demands for money, made up of various items. It extends to all descriptions of actions, when justice demands that a party should be apprised of the matter for which he is to be put for trial, with more particularity than is required by the rules of pleading. (*Tilton* v. *Beecher*, 59 N. Y. 176.) Nor is this power confined to an exercise of it in behalf of the defendant in an action. In favor of the plaintiff, as well, the court may order the defendant to give the particulars of the facts which he expects to prove. Thus, on a plea of fraud and consequent repudiation by the defendant, he has been compelled to give particulars of the acts of fraud and repudiation (*McCreight* v. *Stevens*, 1 H. & C. 454; *Pitts* v. *Chambers*, 1 F. & F. 684); on a plea of undue influence, particulars of those exerting the influence (*West* v. *West*, 4 S. & T. 22; *Jackson* v. *Hillas*, 4 Irish [Eq.], 60); on a plea of justification to an action for a libel charging perjury, particulars of the matters of justification (*Jones* v. *Bewicke*, L. R., 5 C. P. 32); in ejectment (*Doe* v. *Newcastle*, 7 T. R. 332, note). The power has been exercised, even in a criminal case, in favor of the Commonwealth, and against the prisoner. See *Com.* v. *Snelling* (15 Pick. 321), where, on an indictment for libel, the defendant was ordered to give particulars of the instances of

misconduct in the person libeled that he expected to prove, and was confined in his proof, on the trial, to the instances definitely specified in the bill furnished. In that case are citations of civil actions in which the defendant was required to give particulars of what he would attempt to prove. It is a power incident to the general authority of the court in the administration of justice. (Id.) It is the same power, in kind, that courts have to grant a new trial on the ground of surprise. The latter is remedial and curative. The former is preventative. But both have the same purpose, to reach exact justice between the parties, by learning just what is the truth, and to learn what is the truth, by giving to each party all reasonable opportunity to produce his own proofs, and to meet and sift those of his adversary. Thus, where, in an action for seduction, the female had sworn to the coition on a particular day, affidavits, showing an *alibi* and surprise, were held to make good ground for a new trial. (*Sargent* v. ———, 5 Cow. 106.) Now, would the plaintiff there have been in a worse plight if, before the trial, the court had ordered him to give a bill of the particular occasions on which he expected to prove copulation? The same end was reached by granting a new trial as could have been by ordering the particulars. And the same rule would apply, in the case of a plaintiff seeking a new trial against a defendant, for surprise by the testimony of the latter. But it is said that though the power may once have been in the courts, by reason of recent statutory provisions, it is not there now. The 531st section of the new Code touches this subject. It is claimed that by it the power is taken away, if the courts ever had it. That section provides that the court may, in any case, direct a bill of particulars of the *claim of either party* to be delivered to the adverse party. If it should be conceded that there is no power left in the court other than that which this section gives, still we do not assent to the claim made. The strength of the defendants' position is, in the definition they give to the word "claim," found in the section. It is contended that the word is synonymous with "demand," and "cause of action," and that it was intended to express by it only the ground, or cause of

action, on which some affirmative relief is asked of the court, and in cases only in which affirmative relief is asked.

We do not think that it is so restricted in purpose as that. In our view the claim spoken of by that section, where the case of a defendant is in hand, is whatever is set up by him as a reason why the action may not be maintained against him. The claim of the defendant, is that ground of fact which he alleges in his answer as the reason why judgment should not go against him. His claim, in the case, is the position he takes in his pleading, based upon the facts he sets up, and the law applied thereto, why he should go without day. We have used the word, in some of its forms, twice in this paragraph as expressive of a meaning as broad as that, and no doubt have been understood. There is no reason for saying that the intention of the legislature was to use the word with a narrower meaning. When section 531 was passed, the draughtsmen of the new Code had before them the case of *Tilton* v. *Beecher* (*supra*), and the cases cited in it. That case had been decided under the old Code, and with section 158 of that Code in mind. That section does not differ, in substance, from section 531 of the new Code. The framers of section 531 knew the power that the courts had to order bills of particulars, as shown by the opinion and judgment in that case. If it was meant by them to take away or narrow that power, there would have been some expression of an intention so to do. We find no indication, either in the section itself, or in any annotation on the section, that there was such purpose. The general purpose of the Code was, or should have been, to embody, in apt words, a declaration of the law as it was. If the purpose of any section was more than that, and was to change the law as it was, and to take away judicial power then possessed, we should find some hint of it in the section, or in reports accompanying it, or in annotation upon it. Besides, section 4 does continue, in the courts, the exercise of the jurisdiction and powers then vested in them by law, according to the course and practice of the courts, except as otherwise prescribed. Section 531 is not, in terms, prohibitory of the

power, and may not be said to prescribe otherwise. Nor is there warrant for the contention, that the Code withholds power, unless the defendant seeks affirmative relief. That would be to make the power depend upon an incident merely. Suppose that the defendant, in any case, should, in his answer, ask judgment for a perpetual injunction on the same facts which he set up as a defense. This would be invoking affirmative relief. That alone would not bring the case within section 531, and give power to the courts. The existence of the power is not got from the prayer of the answer, but is inherent in the court, or recognized and preserved by the Code, or both. It would not keep in view the real purpose of ordering particulars, and the real purpose of the existence and exercise of the power, to hold that in such case particulars could be ordered, while, if the defendant waived or struck out his prayer for an injunction, it could not.

That purpose, as we have seen, is to reach justice between the parties by evolving the truth from their discordant statements, and to give the parties every reasonable facility for coming to the trial, fully prepared for all that may be produced by the other side. This is just as important, whether the matter is set up as a bare defense, or as a basis for a demand for affirmative relief.

The orders in these cases provide that the defendants be precluded from giving evidence on the trial, of matter not specified in the bill of particulars furnished. It is urged that the Special Term had no power to affix this penalty to a failure or an inability to furnish a complete bill. The contention is based upon the reading of the 531st section. The first clause of that provides that on demand a copy of the account pleaded must be furnished. The second clause provides that a failure to do so will preclude from giving evidence of the account. The third clause provides for an order by the court to furnish a further account when the first one is defective. The fourth clause is the one we have already stated, that the court may, in any case, direct a bill of the particulars of the claim of either party to be delivered. Now because the sec-

tion does not anywhere but in the second clause speak of a penalty on non-delivery of a bill of particulars, it is argued that the Code meant that the courts should have no power to affix one. Clearly, the courts have power, by the Code, to grant an order for a further account, and for a bill of the particulars of the claim of either party. If the Code keeps from the court the power to affix a penalty to failure to obey its order, it is only by not repeating the clause giving the penalty. That would be to give more force to a demand of a party for an account, than to the order of the court for a further account. This would be absurd. There should follow the same penalty for not furnishing a further account when ordered, as there does for not giving a first account when demanded. There is power in the court to order that it shall follow. And if there is that power in making an order for a further account under the third clause, there is the same power in making an order for the particulars of a claim under the fourth clause.

The Code did not mean to take away the power, which courts always have had, of affixing a disability to disobedience of such orders. It was needed that it should enact the penalty for failure to comply with a demand of a party, but it was not needed that it should in terms give a power that the courts had always possessed. Besides, the bill of particulars is in aid of the pleading; it is sometimes called an amplification of the pleading. The particulars are considered as incorporated with the pleading (*Fleurot* v. *Durand,* 14 Johns. 329 ; *Van Vechten* v. *Hopkins,* 5 id. 211), and on production of the order and proof of the delivery of the bill, the parties are not allowed to give evidence out of it. (*Holland* v. *Hopkins,* 2 B. & P. 243 ; *Hurst* v. *Watkis,* 1 Camp. 69.) It is an exercise of the same power, to preclude in the order proof of matter not specified in the bill of particulars. It matters not whether the power is exerted by a declaration in the order, or by a ruling from the bench on the trial.

There are arguments *ab inconvenienti* made against the existence of the power. These are drawn from the alleged diffi culty of preparing a complete bill of particulars in the short

time allowed a defendant to answer, and thereafter to comply with an order ; and from the difficulty of making an exact and comprehensive bill of particulars before full and precise preparation for trial and for proof of the defense has been made. These difficulties must attend in greater or less degree any case in which a defendant can be ordered by the court to furnish a bill. As it is shown that there are cases in which the court has power to make an order upon the defendant to give particulars, it follows that these are not legitimate arguments against the existence of power to order, but rather for the favor of the court as to the terms and conditions of the order.

It is also urged that the allegations of the plaintiffs' affidavits are not sufficient to set the courts in motion. We think that the papers before the Special Term were enough to authorize the courts below to entertain the motions. It is said that the plaintiffs state no more in those affidavits than that they do not know to what instances the averment of the defendants' pleadings refer, while they do not state that they do not know of some instances of the same kind with those averred. But grant that the plaintiffs know of instances ; they may be fully prepared to show that they are innocuous to their right of action. The instances which they know of may or may not be the same of which the defendant has knowledge or information ; hence it is for the court to say in its discretion whether they should be informed. Therefore, the affidavits, in averring an ignorance of the one class, while not averring an ignorance of any, do make a case for the discretion of the court. (See *Snelling* v. *Chennells,* 5 Dowl. 80 ; *S. C.,* 12 Leg. Obs. 75.) The position of the defendant is, that as it may be assumed that the plaintiffs have knowledge of some instances, it may be further assumed that they must be the same of which the defendant has information ; or upon another assumption, that the instances do, in fact, exist, and that, therefore, the plaintiff cannot be ignorant of them. It is plain that the first assumption is not of necessity correct. The second is to assume the truth of the very issue to be tried, as it is raised by the verified pleadings of the parties, which were parts of

the moving papers. . We conclude, then, that the courts below had power to make orders that the defendants furnish statements of the particulars, and that the granting of them rested in the discretion of those courts.

Second. It remains, then, to inquire whether that discretion has been abused. Taking the cases and the orders in their general aspect, it cannot be said that it has. The defenses set up and the manner of pleading them are such, that manifestly the plaintiffs would go down to trial at some hazard of being taken by surprise, if there were not given to them some more specific statements than the answers open, of the time and place and other circumstances of the occurrences alleged in most general terms. It was a discreet exercise of power to order that more specific statements be given.

But objections are made to the terms and conditions of these orders, as directing either impossibilities, or acts that will be highly detrimental to the defense of the defendants. The orders direct that the bills state the particular times and places at which the deceased had bronchitis and spitting of blood. If this was to be so construed as requiring a statement of the very day or days, and the very houses of abode or buildings of business, on and at which he had the disease or raised the blood, there would be force in the complaint that it is impossible. It is not to be so construed. The times, in a true construction of the order, are the spaces of time, and the places are the municipal localities. Surely if the defendants have been informed so as to aver, and verify the averment, that Dwight had bronchitis and spit blood, they must have information specific enough to comply with such a requirement. Nor would a statement thereof imperil a defense beyond a peril to which it should be exposed, that of having the testimony to sustain it, met by countervailing testimony covering the same space of time and as to the same localities. It surely is not more hazardous than to have met the new trial granted on the ground of surprise in 5 Cow. (*supra*). To state the other insurances upon the life of Dwight, or the other applications for insurance, is easy if they are known or information has been had of them;

and we see no likelihood of unreasonable hazard to the defense by doing it. Nor do we see that the order calls for a disclosure of the evidence on which the defendants rely to support their defense. A statement would not disclose whether the evidence would be oral or written, nor who would give the oral testimony, nor the nature or source of that in writing. And these remarks apply *mutatis mutandis* to the other matters contained in the various orders. And it is always to be borne in mind, that these orders are to be read and used, and action under them is to be had, in accordance with settled rules of practice, which are safeguards to parties on either side. In the words of Lord Mansfield : " The bill of particulars must not be made the instrument of injustice, which it is intended to prevent." (*Millwood* v. *Walter*, 2 Taunt. 224. See, also, *Hurst* v. *Watkis*, 1 Camp. 69, note ; *Lovelock* v. *Cheveley,* 1 Holt's N. P. 552.)

We are not required to say, and we do not say, that in the exercise of discretion we would have granted orders as minute in some points as are the orders in these cases. If they are likely to be oppressive upon the defendants, application for relief will doubtless be considerately met by the Special Term. The purpose of the court below is to secure a fair and well-advised trial of an important and substantial controversy, after due preparation for what will be shown on either side ; and the ear of the court will be open to any reasons that will convince it that further action is called for to that end.

These considerations bring us to the conclusion that the appeals in these cases should be dismissed.

All concur, except Finch, J., taking no part, and Rapallo, J., absent.

In the cases against The Manhattan Life Insurance Company, Danforth, J., took no part.

Appeals dismissed.