## WILSON and others *v.* PEARSON.

*(Circuit Court, S. D. New York.* August 30, 1882.)

1. SENDING FORBIDDEN MATTER THROUGH THE MAIL—PLEADING.

In an action for damages for the wrongful detention and conversion of certain letters of the plaintiffs, detained by the postmaster under a regulation of the post-office department requiring him, when he has reason to believe that a fictitious address is used for forbidden circulation in the mails, to report the fact and the reason of his belief, await instructions, and give notice that, pending such instructions, persons claiming the correspondence must call at the general delivery and establish their identity before its delivery—where the meaning or application of the allegations in the answer is not doubtful, the plaintiffs' remedy is to be sought by a bill of particulars, and not by requiring the pleading to be made definite and certain.

2. SAME—BILL OF PARTICULARS—PRACTICE.

Where the circumstances are such as can only influence the postmaster's own judgment, it is not to be assumed that the plaintiffs can definitely know what they are, and they are entitled to information to meet the issue tendered by the defendant by a bill of particulars setting forth the facts and circumstances which induced defendant to believe that the address was being used by some person or persons for covering forbidden correspondence in the mail under such fictitious address.

*A. J. Dittenhoefer,* for complainant.

*Stewart L. Woodford,* U. S. Dist. Atty., for defendant.

WALLACE, C. J. The plaintiffs move for an order requiring the defendant to make certain allegations of the answer more definite and certain, and for a bill of particulars. The complaint alleges the wrongful detention and conversion of certain letters of the plaintiffs by the defendant, who received them as postmaster at the city of New York. The answer denies the conversion, and justifies the detention under a regulation of the post-office department which requires a postmaster, whenever he has reason to believe that a street or number or designated place is being used by any person for covering, under a fictitious address, correspondence forbidden circulation in the mails, to report the fact, and reason for his belief, to the first-assistant postmaster general; and await his instructions and to give notice that pending such instructions persons claiming such correspondence must call at the general delivery and establish their identity before its delivery. The answer alleges that the letters mentioned in the complaint, addressed to J. Wilson & Co., at 40, Broadway, New York city, came into his custody as postmaster; that defendant had reason to believe and did believe that said designated place, to-wit, 40, Broadway, was being used by some person or persons

for covering, under a fictitious address, correspondence forbidden circulation in the mails; and that thereupon he reported to the first-assistant postmaster general for instructions, and gave notice, etc., and pending instructions placed the letters in the general delivery, and was always ready and willing to deliver them to the person who might establish his identity as the person entitled; and that no person called for the letters.

It is insisted that the plaintiffs are entitled to information, either by more definite allegations in the answer or by a bill of particulars, (1) of the name of the person or persons using 40 Broadway for covering, under a fictitious address, correspondence forbidden circulation in the mails; (2) of the fictitious address so used; (3) the reason the correspondence was forbidden; (4) the respect in which the address was fictitious; (5) the facts, circumstances, or reasons for the belief that the name used was fictitious, and the address was being used for covering under a fictitious address correspondence forbidden circulation.

The Code of Civil Procedure (section 531) authorizes the court to require a bill of particulars of the claim of either party in any case; and it is held that this provision extends to all descriptions of action and to any defense that may be interposed. *Dwight* v. *Germania Life Ins. Co.* 84 N. Y. 493. Where the precise meaning or application of allegations in a pleading is indefinite or uncertain, the court may require the pleading to be made definite and certain. Code, § 546. The meaning or application of the allegation here is not doubtful. The *gravamen* and nature of the defense relied on is sufficiently plain; and the plaintiffs' remedy is therefore to be sought by a bill of particulars. *Tilton* v. *Beecher*, 59 N. Y. 176. The particularity with which a party should be required to inform his adversary as to essential facts which are in controversy, depends upon the nature of the facts, and the extent to which information may fairly be presumed to be within the cognizance of the respective parties. A party should never be required to make specifications of those matters which from their inherent character are not capable of exactitude, or which constitute evidence rather than substantive facts, nor to proffer information which is presumably more within the knowledge of his adversary than his own.

The regulation under which the defendant justifies, and which for present purposes may be regarded as equivalent to a statute, in substance authorizes a postmaster to withhold the letters of the citizen unless the latter establishes his identity as the person entitled to the

letters, whenever the postmaster has reason to believe that a fictitious address is being employed by any person for covering forbidden circulation in the mails. As in some instances it might be difficult for the person entitled to the letters to establish his identity, cases may arise where, without fault on his part, the citizen may be subjected to inconvenience and even to loss. The postmaster is not authorized by the regulation to exercise an arbitrary judgment; he is only to require proof of identity when he has *reason* to believe that the mails are being used illegitimately. His judgment may be founded upon circumstances with which the owner of the letters has had no connection. Unless some circumstances exist which call for the exercise of his judgment, his action is not within the protection of the regulation.

The affidavits furnished in support of the motion on behalf of the plaintiffs are not very satisfactory; but inasmuch as the circumstances which control the action of the postmaster are necessarily such and only such as influence his own judgment, it is not to be assumed that the plaintiffs can definitely know what they are. The plaintiffs are entitled to information to meet the issue tendered by the defendant, and to disprove the existence of any facts or circumstances authorizing him to exercise his judgment in the premises. In this behalf the defendant should be required to furnish a bill of particulars setting forth the facts and circumstances which induced him to believe that 40 Broadway was being used by some person or persons for covering forbidden correspondence in the mails under a fictitious address.

Ordered accordingly.