McAdam, Ch. J.
The damages naturally flowing from the breach of a landlord’s covenant to furnish steam power is what it necessarily costs to obtain the power from other sources, or if it cannot be so obtained, the diminished value of the premises in consequence of the want of it. The plaintiff does not measure his damages in either form. He claims for interruption to his business, enforced idleness of his employees and the like, all of which are in the nature of special or consequential damages, and how far they may be recoverable is a question we are not now called upon to decide. Winne v. Kelley, 34 Iowa R., 339. The nature of the damages has, however, a bearing upon the question as to what the bill of particulars thereof should contain, and as the object in stating special damages is to let the defendant know what charges he must prepare to meet, the statement must always be as full and specific as the facts will admit of. The information cannot be refused on the score of inconvenience. In pleading special damages, the names of parties affected have been in several cases required to be stated even in the declaration (Westwood v. Cowne, 1 Starkie R., 137; Barnes v. Prudlin, 1 Sid., 396. Knickerbocker Life Insurance Co. v. Ecclesine, 11 Abb. [N. S.], 385, and even in actions for slander the plaintiff may be required to furnish the names of the persons to whom the slanderous words were spoken. Steibeing v. Lockhaus, 21 Hun, 457.
The rule is not unreasonable and has never been extended so far as to require a party to do an absurd or impossible thing; but what information he can or ought to be able to give, he must. The minister of a dissenting congregation alleged that in consequence of the slanderous words of the defendant, “the persons frequenting the said chapel have wholly refused to permit him to preach, and have withdrawn from him their countenance and support and have discontinued giving him the gains and profits which they had usually given, and otherwise would have given.” Lord Kenyon held this sufficient, asking how could he have stated the names of all his congragation ? Hartley v. Herring, 8 T. *338 R., 130. In this instance the names sought are those of employees of the plaintiff, who were put in enforced idleness for want of the steam power the defendant agreed to funish. The plaintiff can or ought to be able to furnish the required information, and the inconvenience of doing it is no answer to the motion. Courts are liberal in requiring bills of particulars as a sort of curative aid in the administration of justice by preventing surprise, and giving each party a reasonable opportunity to produce his proofs and to meet and sift those of Ms adversary. Dwight v. Germania, 84 N. Y., 493; Tilton v. Beecher, 59 id., 176; People v. Tweed, 63 id., 194. The paragraphs of the order from A to F inclusive, are in accordance with these views and are correct. The original bill of particulars furnished in the respects pointed out in paragraphs E and F of the order appealed from was wholly insufficient. Paragraph G- relates wholly to matters of proof which the plaintiff may be required to give upon the trial, and while he is bound to enumerate in detail, the items of his demand, he cannot be required to furnish evidence in advance of the trial.
The order appealed from will be reversed as to paragraph Gr, and in other respects affirmed, without costs.
Nehrbas, J., concurs.