Tappan, J.
Plaintiff’s complaint is for work and labor performed for defendant as a contractor, for:
'Clearing and grubbing 6 6-10 acres at $60......... $396 00
526,506 yards earth work at 20c................... 12,530 00
Bridging 208 feet at $10 per foot.................. 2,080 00
Building 1 culvert.....................,.....;.... 60 00
Building 1 box drain............................. 20 00
$15,086 00
It admits payment'of............................ 9,310 65
And claims a balance of......................... $5,775 35
and interest from January 1, 1886, to be due and unpaid, for which judgment is demanded.
The work is alleged to have been performed under contract which fixed the specific price to be paid for. each kind of work, at the rates above stated.
It is also alleged that the work was performed under the direction and supervision of one James M. Shanley, one of the engineers of the defendant, and the amount thereof to have been measured, estimated and determined by him.
The answer denies the contract alleged in the complaint, and denies that Shanley was authorized by defendant to measure, estimate or determine the amount of work done by plaintiff, or that he ever did make estimate for or by *699 direction of defendant, and denies that defendant is bound thereby.
The answer admits that plaintiff, during the period stated in the complaint, did work and furnished materials for the defendant in grubbing, grading, constructing culverts, cattle guards, road crossings, etc., for which he is entitled to compensation for what such work and materials furnished are reasonably worth.
The answer denies that the amount of work claimed for in the complaint was done and furnished, and further denies that what was done was properly done, and alleges that the same was done in an improper and careless and unworkmanlike manner, by reason whereof said work was of little value to the defendant; that much of the grubbing charged for has never been performed by defendant or on his account; that the culverts charged for were carelessly and improperly constructed so as to be of no value to defendant.
. Plaintiff served a demand for a bill of particulars of certain payments alleged in the fifth count of the answer, and also for “ an itemized statement of the grubbing, grading and construction of culverts, cattle guards, road crossings, etc.,” “ which was improperly, carelessly and in an unworkmanlike manner done and performed by the plaintiff for the defendant and the value thereof as claimed and alleged in defendant’s answer herein, in counts three, four and five thereof, and which same shall give the kinds or class of work and labor, service and construction so done improperly, carelessly and in an unworkmanlike manner, the amount or quantity of each kind or class of such work and construction by measurement and the value thereof separately and in items.”
In compliance with such demand defendant served a bill of particulars of certain items of payments made upon account of the work done and materials furnished by plaintiff for defendant other than those credited by the plaintiff in his complaint, about the sufficiency of which no serious question was made upon the argument of the motion.
Defendant made no attempt to comply with the other portions of thé demand.
This motion is made to compel a compliance with such demand as to the particulars last mentioned.
There was no account alleged in the pleading within the meaning of section 531, Code Civil Procedure.
The bill of particulars sought could only be obtained by an order made by authority of that portion of the section which provides that the court may in any case direct a bill of the particulars of the claim of either party to be delivered to the adverse party. Fullerton v. Gaylord, 7 Robt., 551; Powers v. Hughes, 39 N. Y. Supr., 482; Dowdney v. Volkening, 37 id., 318.
Plaintiff’s affidavit used on the motion states that all of *700 said work and construction done and performed by the plaintiff was done properly and in a workmanlike manner, so far as the'plaintiff knows or has been able to ascertain by-investigation and personal supervision and believes the same to be so done and performed in each and every particular; that plaintiff is entirely unable to ascertain from the defendant’s answer herein or from any other source or from any matter within his knowledge or means to ascertain what portion or class or kinds of said work and construction done or service rendered for the defendant, it will ' claim on the trial of said cause, or now claims was improperly done, and also which and what was of little or no value to it; or what such value is claimed to be by the defendant.
That the plaintiff has no knowledge and is unable to ascertain frdm said answer or otherwise what portions or quantity or class of said work and construction and the value thereof to the defendant, it will endeavor to prove on the trial was imperfectly and improperly done by the plaintiff; that different portions of said work and construction was done at different places, and localities along said line of road, was done and performed by different persons and classes of workmen under the plaintiff as said contractor, and that the plaintiff is and will be unable to know or as certain what' persons he will need to prove the quality, quantity and value of work done and performed by the plaintiff as aforesaid along the line of said road.
An examination of the foregoing extract from the affidavit of the plaintiff shows that the question in contention and to be tried between the parties is whether the work and construction sought to be recovered for was well and properly done; plaintiff maintaining the affirmative and defendant the negative, and making general uncertain affirmative statements in regard'to the quality of the' work'and construction.
With such an issue it is no answer to this motion that the plaintiff must know as much or more about the particulars of his own claim against the defendant than the defendant can be supposed to know; plaintiff maintains by his affidavits that the alleged defects do not exist; defendant affirmatively states in its answer that there are such defects; it must, therefore, be assumed that defendant can give the particulars of such defects. The fair administration of justice makes it proper that the defendant shall give a bill of particulars of its claim in regard to the defects in the work and construction alleged in its answer, to avoid surprise and enable the plaintiff to maintain the issue at the trial.
The word claim in section 531 includes not merely a ground or cause of action Upon which some affirmative relief is asked, but also in case of a defendant, whatever is set up by him, based upon facts, alleged as the reason why judgment should not go against him. Dwight v. Germa *701 nia Life Ins. Co., 22 Hun, 167 S. C. on appeal, 84 N. Y., 493: Witkowski v. Paramore, 93 id., 467; Kelsey v. Sergent, 100 id., 602; 5 N. Y. State Rep., 616; Hat Sweat Manf Co. v. Reinoehl, 40 Hun, 47; Feely v. Manhattan R. R. Co., 6 N. Y. C. P. R., 414; Sherwood v. Gardner, 5 id , 240, Baremore v. Taylor, 9 id., 76; Diossy v. Rust, 46 N. Y. Supr. R., 374.
In the foregoing recent cases general and indefinite defenses were set up, bills of particulars of the defendant’s claim were ordered in each case, because they were held to be necessary to the plaintiff, to avoid surprise and enable plaintiff to prepare to present his evidence at the trial.
The principle of these cases applies equally well to the case at bar.
A claim set forth in an answer in general uncertain way as a defense to an action, that a party is not able to state with definiteness and certainty, after a fair opportunity to ascertain the particulars of it, is not of sufficient consequence to be seriously urged for any purpose upon the trial.
The defendant’s affidavits show that the work and construction done by the plaintiff was not complete, that it was completed by day’s labor of which account was kept, and an account kept for the amount of money expended therefor; that no measurements of the amount of the construction were ever made or kept; that with the snow upon the ground it will not be possible to . locate the places where such work was done or its amount.
Defendant should have until the first day of May next in which to serve upon plaintiff’s attorney a bill of particulars of its claim.
Unless plaintiff serves upon defendant’s attorneys on or before March 15th, 1888, a bill of particulars of the payments made by the defendant upon the claim and cause of action set up in the plaintiff’s complaint, stating, as hear as may be the date and amount of each payment, by whom and to whom made, how made, whether in money or otherwise, and if not made in money particulars of the manner of making such payments and of what it consisted, defendant is not required to furnish any further particulars of any such payments.
But in case plaintiff, during the time aforesaid, serves upon the attorneys for the defendant such a bill of particulars, then defendant shall include in its bill of particulars, to be served as aforesaid, a statement of any payments beside those set forth in the plaintiff’s bill of particulars, claimed to have been made by defendant, which shall be stated with the same particulars, as are herein stated, to be given in plaintiff’s bill of" particulars in regard to payments.
*702 Upon the trial, if either of said bills of particulars of such payments shall have been served, defendant shall be precluded from giving in evidence any "payment not contained in one of such bills of particulars so to be furnished.
The defendant’s bill of particulars to be served shall contain a statement of the location, as near as may be of any grubbing, grading, construction of culverts, cattle guards or road crossing, which were improperly, carelessly and in an unworkmanlike manner done or performed by the plaintiff for the defendant: also the imperfection claimed in regard to each portion of each class of work, and the amount and the value of the work expended or necessary to be expended to perfectly complete any such grubbing, grading arid construction.
Defendant will be precluded upon the trial from giving evidence of any defect not in manner aforesaid specified in its bill of particulars.
William A. Bart, for app’lt; Matt C. Bandon, for- resp’t.
Learned, P. J.
We are of opinion that so much of the order as requires a further bill of particulars in these words containing ‘ ‘ a statement of each particular class of work and construction claimed by its answer served herein to have .been improperly, carelessly or in an unworkmanlike manner done or performed by the plaintiff, for the defendant (and) the location (thereof) upon the line of defendant’s road ” should be affirmed, that the residue of the order should be reversed, except the allowance of costs to abide event, and that ten dollars costs of appeal and printing disbursements abide the event of the action.
All concur.