(24 Misc. Rep. 377.)

MARCO et al. v. BIRD.

(City Court of New York, General Term. August 4, 1898.)

PLEADING—BILL OF PARTICULARS.

In an action to recover for coal sold and delivered, the answer set up in defense that in each load delivered there was a large shortage of weight. *Held*, that an order for a bill of particulars was properly granted, requiring the defendant to state in detail when and where the coal was weighed, and the shortage on each quantity separately weighed.

Appeal from special term.

Action by Benjamin B. Marco and another against Clinton W. Bird. From an order requiring defendant to furnish a bill of particulars, he appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and OLCOTT, JJ.

Wilmer & Canfield, for appellant.
Burr & De Lacy, for respondents.

CONLAN, J. This is an appeal from an order made at special term, requiring the defendant to furnish a bill of particulars stating "what was the average in weight of the coal alleged in paragraph 2 of the answer, when and where said coal was weighed, on what scales, and the number of tons as described weighed, and whether each ton was separately weighed, or in what quantity said coal was weighed, and the shortage on each quantity weighed." The action was brought to recover a sum of money alleged as a balance due for the sale and delivery of a number of tons of coal, which it is claimed in the complaint were so delivered between December 1, 1897, and February 28, 1898. The dates of delivery are many in number, running almost daily through the months within the period named. The particular allegations in the answer at which the application for the relief sought is aimed are as follows:

"Defendant further alleges that the plaintiffs falsely represented, at the time of the delivery of the coal, that the coal delivered was of full weight, and thereby induced defendant to accept the same; and defendant in good faith, relying on such representations, and believing them to be true, used the coal so delivered, in ignorance of the fact that it was short weight, to the great injury and damage of the defendant, and that in the case of each load of coal delivered there was a large shortage of weight."

It is said in section 531 of the Code of Civil Procedure that a court may in any case direct a bill of particulars of the claim of either party to be delivered to the other party; and bills of particulars have been ordered in actions for divorce, conspiracy, libel, slander, fraud, negligence, alienating wife's affections, and real property, as well as in the more ordinary actions for work, labor, and services, and for goods sold and delivered. The office of a bill of particulars is to apprise the party of the specific demand of his adversary, and not to furnish him with his proofs or the names of his witnesses. It is perhaps, in its strictest sense, an amplification of the pleadings, as if the party had alleged generally that he had sustained damages in consequence of some act or another of his adversary, and without disclosing the nature of the act. The granting or refusing of such an order rests very largely in the discretion of the justice presiding, and, if that discretion is fairly and reasonably exercised, such exercise will not be disturbed. The power of the court to order a bill of particulars extends, as we have seen, to all descriptions of actions; and nothing will be refused that will tend to advise the adverse party of the matters concerning which the pleading is evasive, indefinite, or uncertain, if a failure to disclose any of the circumstances shall operate as an injury by way of surprise or injustice at the trial.

The claim of the defendant is that the coal purchased was short in weight, and the plaintiffs have the right to know if there be any ground for such an allegation, and therefore to be advised of the circumstances which are the elements of such an allegation. How else are they to meet the evidence adduced on the trial? It does not appear from the pleadings that any notice was given at the time of the delivery of the coal. On the contrary, the allegation is that the coal was used, relying on the correctness of the weights as furnished by the plaintiffs. There is some evidence on the part of the defendant that on or about the 6th day of January, 1898, he notified the plaintiffs herein, in writing, of the amount of shortage in the coal delivered, and sent them his check in full payment for the coal actually delivered, and which was refused. But the delivery of coal appears to have continued thereafter, and down to and including the 26th day of February following, and the same appears to have been received and used by the defendant; in fact, he admits it. In Dwight v. Insurance Co., 84 N. Y. 493, and in Tilton v. Beecher, 59 N. Y. 176, two well-known and well-considered cases, it was said that the word "claim," as used in the 531st section of the Code, included not merely a ground or cause of action upon which affirmative relief is asked, but also, in case of a defendant, whatever is set up by him based upon facts alleged as the reason why judgment should not be taken against him. Wherever the pleader undertakes to surround his pleadings with matters of doubt, uncertainty, or ambiguity, in such a manner as to hide or conceal the true intent of his allegations, the court will interfere, by order, to compel him to remove the cloud, where it can be done, by more definite and certain allegations, and, where this remedy is not applicable in all its force, then by a bill of particulars of his claim,

so as to put the adverse party in possession of something, that he may be prepared to meet his opponent upon the trial on no uncertain or indefinite ground. If the defendant relies upon his allegations, he must sustain them by clear proof, and therefore must have sufficient knowledge of the facts to advise the plaintiffs in relation thereto. We think the order of the special term was well within the reasonable exercise of discretion, and that the same should be affirmed.

Order affirmed, with costs. All concur.