(39 App. Div. 5.)

## SPANGEHL v. SPANGEHL.

(Supreme Court, Appellate Division, Second Department. March 21, 1899.)

1. PLEADING.
  Where more particularity of statement than is contained in the complaint is desired, defendant should move to make more definite.

2. POSTPONEMENT OF TRIAL.
  One is not entitled to postponement of trial on mere oral statement of counsel that it was desired on the ground of sickness of two witnesses, who were not named or claimed to be material.

3. SAME—STIPULATION.
  Defendant cannot complain that he is deprived of a right to witnesses, where during trial his counsel obtains postponement till the next day for an absent witness on the statement that he desired to reserve calling defendant till then, on consenting to the condition imposed by the court, that he should then call but five witnesses.

Appeal from special term, Kings county.

Action by Magdalena Spangehl against Louis W. Spangehl. From a judgment awarding plaintiff a separation, with alimony and costs, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Elmer S. White, for appellant.

Albert J. Wise, for respondent.

PER CURIAM. The complaint stated a good cause of action against the defendant, and entitled the plaintiff to the judgment which she has recovered. If the defendant desired more particularity of statement, he should have moved to make the same more definite. In fact, the defendant was served with a bill of particulars which supplied all of the defects which are claimed to exist in the complaint, and which is to be deemed a part thereof. Dwight v. Insurance Co., 84 N. Y. 506. The evidence was somewhat conflicting, but, if the witnesses for the plaintiff are to be believed, their testimony warranted the judgment which has been rendered. The case was one which it was particularly the province of the court below to determine. He had the witnesses before him, observed their manner and the candor exhibited in delivering their testimony; and the view which the court took finds abundant support in the evidence. It is claimed that the defendant was deprived of his constitutional right to call witnesses, and secure delivery of their testimony upon the trial. Nothing which occurred upon the trial supports this claim. Counsel for the defendant, upon the trial being moved, asked for a postponement of the same upon the ground that two witnesses were sick. He did not name such witnesses, or make any claim that they were material to his defense, and he presented no legal proof of either fact upon which the court could act. In fact, no proof, verified either by the oath of the defendant or of his counsel, was presented to the court. The claim rested in the oral statement of counsel. It is clear, therefore, that the court could not do otherwise than deny the motion of the defendant, and properly protect the right of the plaintiff.

After the plaintiff had rested, the defendant proceeded to give proof in defense, and the trial continued until 5 o'clock in the afternoon. The defendant was then present, and had not been sworn, although his testimony constitutes the large bulk of that given upon the defense. Counsel for the defendant at the above-named hour applied to postpone the trial until the next morning; stating that he had one witness coming from Boston, and, as to the defendant, he wished to reserve calling him until the morning. The court thereupon asked who the other witnesses were, and counsel named ten persons, one of whom was the defendant, one who he stated was sick, and one who had not been subpoenaed. The court thereupon stated that he could not postpone the trial, but would limit the defendant to five witnesses in the morning. Counsel then stated that he would call five witnesses in the morning, and thereupon the trial was postponed. There is no difficulty in spelling out from this transaction what the ruling of the court was. The application of the counsel was to the favor of the

court, in allowing a postponement of the trial. Such a course was not produced by necessity, as the defendant was present, expecting to be sworn, and was in fact sworn the next day. The court refused to postpone, but gave the defendant an option either to then proceed with the trial, or to stipulate, if a postponement were had, to a limitation of five witnesses the next day. The defendant, upon a full understanding of the situation, elected to take the postponement, and call but five more witnesses in his defense; and accordingly the trial was postponed. In fact, he was permitted to, and did, call and fully examine six witnesses on the next day; and it was only when he had called the seventh witness that the court enforced the stipulation. It is therefore plain that the court did not deprive the defendant of any legal right to which he was entitled, or enforce any rule except such as he had given his consent should be enforced. Under such circumstances, it does not lie in the mouth of the defendant to make complaint. Nor did he make such complaint upon the trial. Recognizing the justness of the ruling, and of his own obligation which had been voluntarily assumed, he acquiesced therein, made no complaint, and took no exception thereto. The charge, therefore, that he was deprived of a legal right by the arbitrary action of the court, now comes with ill grace from the mouth of the defendant. We have little doubt, also, that the court was constrained in its action by the consideration that the evidence proposed to be given could have but slight bearing upon the merits of the issues involved. The merits of the case seem, from the evidence, to have been fully tried out; and the character of the case indicates that controlling evidence could be possessed by but few people, and they seem all to have been called.

We find no ground upon which the judgment should be disturbed. It should therefore be affirmed.

Judgment affirmed, with costs.