the bonnet which she intended to purchase, and therefore there was no implied invitation for her to do so.    The defendants were neither voluntary custodians nor custodians of any kind, and therefore they were under no obligation to use any care for the protection of her property.    The testimony offered by the plaintiff to prove the duty of a floor walker was properly excluded by the court, and the exception to such an exclusion presents no error.    Moreover, it is plain from the evidence that the plaintiff was guilty of negligence which not only contributed to, but was the actual cause of, her loss.    It was a careless act to lay down a pocketbook containing money upon the counter of a public store, and then lose sight of it.    If money is to be carried upon the person in a public place, ordinary care requires it to be carried in some secure place, and its exposure is a manifestation of great want of care.    The negligence of the plaintiff was therefore sufficient to defeat her action.    We fail, however, to find any negligence on the part of the defendants or their employés.    The judgment should be affirmed, with costs.    All concur.

---

(87 Hun, 499.)

### PERI v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, General Term, Fifth Department.    June 14, 1895.)

DAMAGES—PERSONAL INJURY—EXCESSIVE VERDICT.

> A verdict for $10,000 for the loss of a foot by plaintiff, who was a laborer 24 years old and accustomed to earn about $1.50 a day, is excessive where it does not appear that the case differed from the ordinary case of the loss of a foot, or that there could not be in plaintiff's case as complete a recovery as is expected in such case.    ·

Appeal from circuit court, Erie county.

Action by Santi Peri against the New York Central & Hudson River Railroad Company for personal injuries.    From a judgment entered on a verdict rendered at circuit in favor of plaintiff, and from an order made at special term denying a motion for a new trial made on a case and exceptions, defendant appeals.    Affirmed.

The opinion of Mr. Justice CHILDS, reducing the amount of the recovery and denying the motion for a new trial, is as follows:

The plaintiff received an injury which resulted in the loss of his foot, and this action was brought to recover the damages sustained thereby, upon the claim that such injury was occasioned wholly by reason of the negligence of the defendant, and without any negligence on the part of the plaintiff contributing thereto.    Upon the trial, testimony was given by the plaintiff tending to establish his cause of action, and by the defendant tending to establish its defense, and disprove the allegations of negligence on its part.    At the close of the testimony, the court held that questions of fact arose upon the testimony and submitted the case to the jury, and a verdict was rendered in favor of the plaintiff and against the defendant for the sum of $10,000.    The testimony given upon the trial has been again, and upon this motion, carefully examined and considered, and the conclusion again reached that a case was made for the jury, and that there is no such balance of testimony in favor of the defendant as to authorize the court to set aside the verdict as against the evidence.

The defendant's claim that the verdict is excessive presents a more serious question.    The plaintiff is a laborer and accustomed to earn about $1.50 per day.    If he was entitled to recover, he was entitled to be compensated for the

pain and suffering which he endured by reason of the injury, and for the diminution of his ability, if any, to work and earn money. But little testimony was given relating to the question of damages. It appeared that the plaintiff had lost one foot, and that he had not been able to labor since the accident, a period of about 11 months; that he was 24 years of age, and suffered some pain at the time of the trial. Beyond these facts the jury were left to conjecture as to the future results or effect of the injury. It did not appear that the case differed from the ordinary one where the loss of a foot was suffered, or that there would not be in the plaintiff's case as complete recovery as is expected or secured in such a case, or that the ability of the plaintiff to labor would be seriously or to what extent impaired. In this situation, it becomes the duty of the court to examine the testimony for the purpose of determining whether the jury, in rendering the verdict, was controlled by the testimony given and the legitimate inferences to be drawn therefrom, or whether an excessive verdict has been rendered,—a verdict unsupported as to the amount by the evidence. Interest upon the verdict rendered in this case would exceed the amount the plaintiff could earn, if employed every working day in the year at $1.50 per day, by the sum of $150 yearly, and this leaves out of the question the principal sum. Governed by experience and observation, in so far as the testimony comes short of supplying a more definite guide, the mind is led to the conclusion that the plaintiff, suffering from the disability occasioned by the loss of his foot, is still able to labor, and to earn wages not much diminished in amount from the sum earned by him previous to the accident, and that this fact should have an important bearing in estimating what amount would compensate the plaintiff for the injury sustained. In view of the condition of the testimony, as stated, it cannot be said that the jury was governed by the rule of compensation in reaching its verdict, but rather by some mistaken view, which resulted in an excessive verdict.

Having reached this conclusion, it follows that the verdict must be corrected by consent of the plaintiff, or that a new trial of the action must be granted. My conclusion is that the verdict should be reduced to $5,000, which sum would seem to be ample compensation to the plaintiff for the injury which he has sustained. An order may be entered setting aside the verdict and granting a new trial herein unless the plaintiff shall, within five days after the entry and service of a copy of such order, stipulate to reduce the verdict to the sum of $5,000.

Argued before LEWIS, BRADLEY, WARD, and WERNER, JJ.

Charles A. Pooley, for appellant.
George W. Cothran, for respondent.

PER CURIAM.    Judgment and order affirmed on opinion of CHILDS, J., at special term.