BROWN et al. v. CODY et al.

(Supreme Court, Appellate Division, Second Department. December 31, 1897.)

PLEADING—COMPLAINT—MATERIAL ALLEGATIONS—FAILURE TO DENY.

In an action to recover for a quantity of broken stone and screenings alleged to have been sold and delivered by plaintiffs to defendants between August 1 and December 1, 1895, the defense was payment. The question turned on the effect of a certain payment by defendants to plaintiffs in January, 1897, receipted for as "$2,800, bill rendered on Sixtieth St." Plaintiffs' evidence was that this payment was solely for a balance due for materials furnished for work on Sixtieth street, prior to August 1, 1896, while there was evidence for defendants that it covered also the materials mentioned in the complaint. *Held,* that the time of sale and delivery alleged in the complaint was not a "material allegation," within Code Civ. Proc. § 522, and hence did not conclude the defendants, though not denied by their answer, and that, therefore, the materials furnished on the Sixtieth street contract, and the payment thereon, were not necessarily to be excluded from consideration, and that the evidence was such as to require a submission to the jury.

Appeal from trial term, Kings county.

Action by Charles A. Brown and John Fleming against William Cody and others. From a judgment entered on a verdict, denying a new trial, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BRADLEY, BARTLETT, and HATCH, JJ.

James W. Ridgeway, for appellants.

Frederick E. Anderson (Frederick W. Park, on the brief), for respondents.

BRADLEY, J. The question arising on this review is whether or not there was any question of fact for the jury. The trial court concluded there was not, and directed a verdict for the plaintiffs for $4,465.37. The action was brought to recover for a quantity of broken stone and screenings alleged to have been sold and delivered by the plaintiffs to the defendants between August 1 and December 1, 1896. The defendants, by their answer, admitted the sale and delivery to them of the broken stone specified in the complaint, less 40 cubic yards, and did not put in issue the alleged sale and delivery of the screenings. They denied indebtedness to the plaintiffs, and alleged payment. The plaintiffs waived their claim to the 40 cubic yards of broken stone. The defendants assumed the defense of payment. They had obtained materials of that character from the plaintiffs to use on their work upon certain streets of the city of Brooklyn. The question arises upon the effect of the transaction of January 25, 1897, when the defendants paid to the plaintiffs $2,800, and took their receipt, of which the following is a copy:

"Brooklyn, N. Y., January 25, 1897.

"Received from Cody Bros. twenty-eight hundred dollars ($2,800), bill rendered on Sixtieth St. If any said bill be incorrect, it shall be adjusted for sum allowed to Cody Bros.  Brown & Fleming, per Wm. L. Quinn."

The evidence of one of the defendants as to the amount of their indebtedness to the plaintiffs at the time of the interview which resulted in such payment and receipt was to the effect that they then owed the plaintiffs in the neighborhood of $3,100, and that an allowance of $300 upon it was made to them. One of the other defendants testified that the plaintiff Brown wanted a settlement; that there was some dispute about demurrage, and about the quality of material, etc.; that they arrived at a conclusion satisfactory to all of them as to the amount due, and that the amount was then settled and paid, and the receipt of January 25, 1897, taken. One of the defendants tesified that there was a difference of $1,500 or $1,800 between them, and Mr. Brown said, "Well, that is all right; that is easy taken off;" so there is where the allowance was made; that there were some differences between them, that the defendants complained of inferior material, and the question of demurrage was raised, and Brown and Quinn concluded to accept $2,800, which was paid. This constitutes mainly the evidence on the part of the defendants bearing upon the question of payment.

It appears that a lien for the amount of $11,000 was filed by the

plaintiffs upon amount due the defendants under contract for work on Sixtieth street, and that afterwards, and on August 12, 1896, $8,000 was paid to them upon that claim. The receipt before set forth indicates that it was given for money received for materials furnished to the defendants for the work on that street. It may be observed that in the receipt before mentioned reference is made to bill rendered on account of Sixtieth street in such manner as to indicate that the payment of the $2,800 was made for materials furnished for use on that street, and apparently, therefore, for the balance of the amount for which the lien was so filed; and, if that be so, it would seem from the evidence that it did not include the materials sold and delivered after the 1st day of August, because it quite clearly appears that those used on Sixtieth street upon which the claim of the lien was founded were sold and delivered to the defendants before that time. The evidence of the plaintiff Brown— the only witness on the part of the plaintiffs—was that the materials alleged in the complaint to have been sold and delivered to the defendants did not include any of those furnished to them for Sixtieth street, but were delivered for use, and used by them, upon what was known as the "Eastern Parkway Contract," and he added that the $2,800 was the sum taken for the balance of the material furnished for the Sixtieth street contract, which balance was adjusted by deduction of about $300, for which no claim was made by the plaintiffs. While his relation to the action was such as to present the question of his credibility for consideration, his statement relating to such payment is consistent with the terms of the receipt, and somewhat corroborated by it. If such be the fact, and the materials in question are, by the admission arising upon the pleadings, excluded from the bill upon which that payment was made, there was no question fairly presented for the jury.

The defendants, to relieve themselves wholly or partially from the charge, were required to prove payment. We fail to find in this record any specific evidence of payment other than that before mentioned. By his evidence, one of the defendants intimates that the lien put upon the Sixtieth street contract was for some amount in excess of the sum due to the plaintiffs for materials furnished by them on that contract, and. that, although the $2,800 was paid to cancel the lien, that sum was paid in settlement of everything they then owed the plaintiffs. This is contradicted by the evidence of the plaintiff Brown. This man Quinn, who acted with him and for the plaintiffs in the interview resulting in the payment and receipt, was not called as a witness. Whatever significance might have been given to that omission upon any disputed question of fact, if the case had gone to the jury, requires no consideration here.

We have assumed that, if the defendants were concluded by the alleged time of sale and delivery of the articles in question, there is no occasion to disturb the recovery. But is that the effect of the failure of the defendants to deny such allegation as to time? The statutory provision is that "each material allegation of the complaint not controverted by the answer" must be taken as true. Code Civ. Proc. § 522. As a general rule, time, as a matter of pleading, is im-

material, and allegations in that respect conclude neither party. Potter v. Thompson, 22 Barb. 87; Lyon v. Clark, 8 N. Y. 148, 157; Babbett v. Young, 51 Barb. 466; Fowler v. Martin, 1 Thomp. & C. 377. There are exceptions to this rule, and especially so when, for the purposes of the cause of action, a defense is necessary to allege that an event precedes or succeeds another act or event. The allegation as to time made in the complaint in the present case does not come within any exception to the rule of immateriality for the purposes of the pleadings, and for that reason the materials furnished upon the Sixtieth street contract, and the payment thereon, are not necessarily excluded from consideration. The question is not whether the jury would have been permitted to find that the whole amount of the plaintiffs' alleged claim was paid. It was sufficient to require the submission of the case to them that they would have been justified in finding the payment of any portion of such claim; and whether any more of it than was equal to any payment made may have been dependent upon the view taken of the evidence of the defendants that deductions were made on account of demurrage, defective or inferior materials, etc.

In the view taken, the first impression of the trial court was right, —that there were some questions for the jury. But whether a verdict against the plaintiffs would have been treated as so against the weight of the evidence as to have constrained the trial court to set it aside it is not necessary now to inquire. There was more than a scintilla of evidence bearing upon the questions of fact for the consideration of the jury. The absence of any certificate that the case contains all the evidence has no importance, as the question to be considered is one of law only, arising upon the exception to the direction of a verdict. It would be otherwise if the question here were one of fact. We think the court erred in taking the case from the jury.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.