John A. Schaffer, as Administrator, etc., of John L. Schaffer, Deceased, Respondent, *v.* The Baker Transfer Company, Appellant.

*Negligence — a child killed by a truck driven rapidly through a street in which children were at play — measure of damages.*

Where, in an action to recover damages for the negligent killing of the plaintiff's intestate, a boy of eight and a half years of age, who, while roller skating on the street, at half-past four o'clock in the afternoon, was run over by the defendant's truck which was approaching him from the rear, there is evidence tending to prove that the driver of the truck, while going through the *locus in quo,* a thickly populated neighborhood, over a street upon which many children were engaged at play, some of whom were using roller skates, proceeded at a rapid rate with a slack rein and without having his horses in hand so as to avoid running down and injuring the children, the Appellate Division will not interfere with a verdict in favor of the plaintiff.

In such a case a parent may recover the value of the child's services during his minority, less the expense of his support, and the court considered that, under the circumstances, a verdict of $6,000 was excessive, and should be reduced to $3,000.

Appeal by the defendant, The Baker Transfer Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of December, 1897, for $6,000 damages, and also from an order entered in said clerk's office on the 16th day of December, 1897, denying the defendant's motion for a new trial made upon the minutes.

*William E. C. Mayer,* for the appellant.

*Arthur J. Harrison,* for the respondent.

O'Brien, J.:

The plaintiff in this action seeks to recover under the statute damages for the death of his son, based upon the alleged negligence of the defendant. The question presented on this appeal is as to whether the plaintiff sustained the burden of proof by showing affirmatively that the death was due solely to the negligence of the defendant. The appellant contends that there was a failure to prove the defendant's negligence, or that the negligence of the boy did

not contribute to the accident.   A statement of the facts, however, will show that upon both these questions there was a direct conflict of evidence between the witnesses produced by the respective parties, and that it was properly a question for the jury.

According to the plaintiff's witnesses, the boy, a bright lad of eight and a half years of age, was seen about half-past four on Monday afternoon, April 15, 1895, skating upon roller skates on the smooth asphalt pavement of Broome street in the city of New York.   He was going in a westerly direction towards Eldridge street and the Bowery, on the block between Allen and Eldridge streets, a little south of the middle of the street.   While so engaged in skating, a team of horses belonging to the defendant going in the same direction, driven at the rate, according to one of the witnesses, of seven or eight miles an hour, with the driver holding a slack rein, overtook the boy about thirty feet from the northeast corner of Eldridge and Broome streets.   He was knocked down by the horse on the south side, and the front wheel on that side of the wagon went over his chest or neck and killed him.   There were other children playing in the street at the time, some of them on roller skates. When first seen, the boy was from five to ten feet in front of the horses.

On the part of the defendant, the driver testified that he never saw the boy at all ; that he was run over by the north side of the wagon, which was stopped with its hind wheels exactly on the crosswalk of Eldridge street.   Supporting the driver was the testimony of another witness that the boy was standing in Broome street, about two feet from the curb of the north sidewalk ; that this truck, proceeding at a walk, got nearly by, when the boy slipped and fell in front of the rear wheel on the north side, and the rear wheel passed over his body ; that the horses were stopped so suddenly that the wagon backed, and the same wheel passed over him again, and that he was picked up between the front and the rear wheels.

It is impossible, of course, to reconcile these different versions of the occurrence ; the plaintiff's witnesses, three in number, making it clearly appear that the boy, while in front of the horses, was overtaken by them while going at a fast gait, the driver not having them under control because holding a slack rein.   It was not negligence, as a matter of law, for the boy to be in the street,

nor, as matter of law, can it be said that he was guilty of contributory negligence in failing to note that the truck coming behind him at a rapid rate placed him in a position of danger  For if he had been aware of the approach of the truck behind him, and of its proximity, upon the evidence it was a question for the jury to determine whether he had not a right to infer, as there was nothing to prevent the truck from passing on the right side of the street, which at that time was not occupied by other vehicles, that the driver would select that passageway in preference to running him down.

The ordinance of the city regulating the speed with which trucks should be driven on the streets in that locality was proven, and if the plaintiff's witnesses were credible, the driver of this truck was violating such ordinance.    This, of course, did not prove negligence, but it was a circumstance, together with the other testimony presented, to go to the jury upon that question.    There was, therefore, evidence bearing upon the question of the defendant's negligence, and which tended to prove that the driver of the truck, while going through a thickly populated neighborhood, over a street upon which many children were engaged at play, some using roller skates, proceeded at a rapid rate without having his horses in hand so as to avoid running down and injuring them.

The questions, therefore, having been presented by the learned trial judge to the jury in a charge which is unexceptionable, and the appellant having made no complaint as to the rulings upon evidence, there is no ground for interfering with the verdict of the jury.

The only question deserving consideration is the amount of the verdict, viz., $6,000.    The plaintiff was entitled to compensation, not vindictive or punitive damages.    For the death of a minor child the parent recovers the value of the child's services during his minority, less the expense of his support.    The plaintiff here, the father, was employed as a driver, and the boy was of a tender age. What it would cost the father to provide for and educate the boy must be deducted from the earning capacity of the boy until his majority.    Giving the plaintiff the full benefit of all the elements that may be included in determining the pecuniary loss caused by the death of the son, the authorities are against any such large amount as was here awarded, considering the age and condition of the child.    It is evident that the jury misapprehended the instructions

of the court upon the rule as to the measure of damages. And in a case like this, their sympathies and indignation might well have been aroused after crediting the plaintiff's version, which tended to prove that this little boy's life was needlessly and negligently crushed out of him by a heavy truck driven by a man careless of human life. The harrowing details, however, so well calculated to arouse the feelings and touch the hearts of juries, must not permit us to overlook the rule of law which is as binding on them as upon an appellate court. It is the duty of a jury, as it is ours, to administer, not to make the law.

Where, therefore, as here, we find that elements such as extreme sympathy for the father, or prejudice due to the conduct of the defendant, have entered into the award, we are bound to correct the verdict. If the plaintiff desires to avoid a new trial he can consent to a reduction of the verdict to $3,000, in which event the judgment as so modified should be affirmed, without costs; otherwise there should be a new trial upon payment by the defendant of the costs of the former trial and of this appeal.

PATTERSON, RUMSEY and INGRAHAM, JJ., concurred.

Judgment reversed, new trial ordered upon payment by the defendant of the costs of the former trial and of this appeal, unless plaintiff consents to a reduction of the verdict to $3,000, in which event judgment as so modified affirmed, without costs.