as including the net results of occupying the same or of conducting a business thereon, should not be allowed to be shown by the conclusion of the person occupying the same or conducting such business. There is no claim in the complaint for loss or diminution of the usable value of the premises, but a claim is made for certain special damages as stated. The questions asked, sought, and obtained answers that evidently summed up all the damages claimed by the plaintiff, other than his payments for medical attendance. Assuming that this is a case where the plaintiff is entitled to show the usable value of that part of the buildings occupied by him, he should have been required by the trial court to have shown such usable value by giving the facts from which such value could have been left for determination by the jury. The usable value of real property is not an independent fact, like the rental value thereof. Such usable value should be shown by evidence similar to that required in proof of special damages. In a case of this kind, to allow the person occupying property to give his conclusions as to the usable value thereof not only allows him to answer the question to be submitted to the jury, but leaves the defendant almost wholly unable to rebut or contradict such testimony, as the evidence from which the conclusion is drawn is not before the court.

Judgment and order reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

(72 App. Div. 321.)

### KELLOGG v. ALBANY & H. RY. & POWER CO.

(Supreme Court, Appellate Division, Third Department. May 7, 1902.)

1. APPEAL—QUESTION OF DAMAGES—REVIEW.

In an action for death, the appellate court can review the jury's determination on the question of damages.

2. DAMAGES—PERSONAL INJURIES—EXCESSIVENESS.

Where an only daughter, 20 years of age, who was well developed physically and mentally, a successful musician, intending to engage in music as a profession, and who assisted her mother in housekeeping and her father occasionally in his store, is negligently killed, a verdict for $9,500 to compensate the father for his pecuniary injury resulting from her death is excessive.

Appeal from trial term, Saratoga county.

Action by Bradford D. Kellogg, as administrator of the goods, etc., of Maud M. Kellogg, deceased, against the Albany & Hudson Railway & Power Company. From a judgment in favor of plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

John A. Stephens, for appellant.
Edgar T. Brackett, for respondent.

CHASE, J. On Sunday, the 26th day of May, 1901, an electric car on defendant's road, going southerly at a speed of about 25 miles

an hour, came into collision with another car on the same track, proceeding in an opposite direction. Several persons were killed and 70 or more injured. Among the killed was the plaintiff's intestate. Her neck was broken, and her death instantaneous. That the collision was caused by the negligence of some of the defendant's employés is conceded. Plaintiff, the father of the intestate, was appointed administrator, and brought this action under section 1902 of the Code of Civil Procedure, and the same was tried, and resulted in a verdict in favor of the plaintiff in the sum of $9,500. The only question for our consideration is whether the verdict so rendered is excessive.

The intestate was a young lady in her twentieth year, the only child of her parents, who resided at Round Lake. The plaintiff was there engaged in the grocery and general merchandise business, and had been so engaged at that place for about 14 years. He was then 46 years of age, and his wife, the intestate's mother, was 44 years of age. The intestate had completed two years of a three-years course in the high school at Round Lake. She had studied music for 10 or 12 years, and it was her intention to become a music teacher. She was in good health, and well developed, physically and mentally. She was a successful musician, a good conversationalist, and recited entertainingly. She assisted her mother to some extent in housekeeping, and when not engaged at the house or in school had assisted her father in his store. At one time she had two or three small pupils in music. The father, as the only next of kin of intestate, is entitled to the net recovery in this action. No direct or immediate pecuniary damages were shown. The plaintiff's only right of recovery, therefore, consists of prospective damages, that are necessarily indefinite, uncertain, and contingent.

That the appellate court has power to review the determination of a jury upon the question of damages in a case of this kind, the same as a determination of a jury on any other question of fact, has been repeatedly held. Such power has been frequently exercised, and since the constitution of 1894 it is the only safeguard against unjust and unreasonable verdicts. Seeley v. Railroad Co., 8 App. Div. 402, 40 N. Y. Supp. 866; Dinnihan v. Improvement Co., 8 App. Div. 509, 40 N. Y. Supp. 764; Klemm v. Railroad Co., 78 Hun, 277, 28 N. Y. Supp. 861; Schaffer v. Transfer Co., 29 App. Div. 459, 51 N. Y. Supp. 1092. Such power is also exercised in cases where the pain and suffering of a person injured can be considered as an element of damage. Peri v. Railroad Co., 87 Hun, 499, 34 N. Y. Supp. 1009; Morris v. Railroad Co., 68 Hun, 39, 22 N. Y. Supp. 666; Bosworth v. Oil Co., 92 Hun, 485, 37 N. Y. Supp. 43; Jones v. Railway Co., 63 App. Div. 607, 71 N. Y. Supp. 647; Taylor v. Railroad Co., 16 App. Div. 1, 44 N. Y. Supp. 820; Bailey v. Railroad Co., 80 Hun, 4, 29 N. Y. Supp. 816. The damages in this case are limited to compensation to the father for his pecuniary injury resulting from the death of his daughter. The pecuniary value of a human life is necessarily dependent upon many facts and circumstances, and is always incapable of exact proof. The best proof possible under the circumstances must be given. Such proof includes the age, sex, education,

capacity, and bodily health of the deceased, and the surroundings and circumstances of those for whose benefit the recovery is had. The fact that the damages are prospective, uncertain, and contingent, and consequently difficult to estimate, is not a sufficient reason for allowing a jury an unbridled imagination in fixing the amount. It is the duty of the jury to weigh the facts and circumstances given in evidence on the trial, and from the evidence so received formulate their judgment. Such judgment should be based on computation, rather than speculation. The jury are required to judge, and not merely to guess. Houghkirk v. President, etc., 92 N. Y. 219, 44 Am. Rep. 370.

At a trial term, in an action to recover damages for a decedent's death, the presence of bereaved survivors, and the peculiar circumstances under which the death may have occurred, sometimes affect the judgment of jurymen, who, although honestly intending to do their duty, are, nevertheless, unconsciously affected by an atmosphere somewhat charged with sympathy. In this case the court in charging the jury called attention to the fact that such circumstances surrounded them in these words: "Much has been said to you about the circumstances under which this unfortunate accident happened, and much has been said which appeals to your sympathy." The appellate court has no greater power of looking into the uncertain future than the jury, but, when the verdict of the jury cannot be reconciled with any reasonable conclusion to be drawn from the evidence as shown by the record, the duty of the court is the same as in any case when a verdict is not justified by the evidence.

If this accident had not occurred, it is possible that the intestate would have lived many years, obtaining and giving large sums of money to her father during his life. It is also possible that the intestate might have died from natural causes within a few days thereafter; or from loss of health, or by accidental means, for which she alone was responsible, might have become a source of continued expense to the father. Concededly, the intestate would have been a source of expense to her father until after the completion of her education. If we assume that after the completion of her education she would have refrained from marrying, and had then devoted her life to the care of her parents and the accumulation of money for the benefit of her father, we must in considering the verdict take into account that from the gross amount of her earnings it is necessary to take an amount necessary for her support and personal expenses. Her net income under favorable circumstances, and assuming that she unselfishly devoted the same to her parents, would be far short of the amount of the recovery in this case, with the accumulations of interest on the unexpended amounts thereof from time to time. We cannot avoid the conclusion that the verdict was in part based by the jury either upon sympathy or upon a mistaken theory that they had a right to include in the verdict something in compensation for the sorrow and anguish of the childless survivors or as a punishment to the defendant for the carelessness of its employés.

Judgment and order reversed, on the ground that the damages are excessive, and a new trial granted upon payment of the costs of the

former trial by the defendant, unless the plaintiff stipulate to reduce the verdict for damages to $5,000, and to a proportionate reduction in the extra allowance for costs; in which event the judgment and order as so modified are affirmed, without costs of this appeal to either party. All concur.

