CONNAUGHTON v. SUN PRINTING & PUBLISHING ASS'N.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.
   Where there was evidence that deceased, a boy of 8 years, was standing on the sidewalk when defendant's wagon was driven by at a gallop at from 10 to 12 miles an hour, with a wheel in the gutter, when the hub of the front wheel struck the boy's leg, throwing him down, and

the rear wheel passed over him, the question of defendant's negligence and of deceased's contributory negligence was for the jury.

**2. WRONGFUL DEATH—DAMAGES.**

An instruction that the jury could consider the probability whether this son, after he became of age, would not have been led by natural affection to give his father support in some degree, and whether, by the loss of the son in infancy, the father has lost any probable benefit by way of the use of property which the son, had he lived, might have accumulated, was not error.

**3. INSTRUCTIONS—REPETITION.**

Where requests to charge, embracing correct propositions of law, are sufficiently covered by the court in the main charge, it is not error to refuse to repeat them.

**4. DEATH OF SON—EXCESSIVE DAMAGES.**

Where the death of a healthy, strong, bright, and studious boy eight years of age was caused by the negligent act of defendant, a verdict in favor of his father for $5,250 damages was excessive, and should be reduced to $3,000.

Appeal from trial term, New York county.

Action by Michael Connaughton, administrator of the estate of Alexander Connaughton, against the Sun Printing & Publishing Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed conditionally.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Franklin Bartlett, for appellant.

Gilbert D. Lamb, for respondent.

LAUGHLIN, J. This is an action under the statute to recover for the death of Alexander Connaughton, alleged to have been caused by the negligence of the defendant. The decedent was a boy nearly eight years of age. The evidence tended to show that on the 3d day of July, 1901, shortly after 5 o'clock in the afternoon, the boy was standing on the easterly sidewalk of Bleecker street, near the curb, about opposite the line between Nos. 285 and 287, facing the buildings on the easterly side of the street; that the defendant's newspaper delivery wagon was being driven northerly on Bleecker street, the horse going on a gallop at the speed of from 10 to 12 miles an hour, and with the right hind wheel in the easterly gutter; that the hub of the front wheel struck the boy's leg, and he was thrown under the rear wheel, which passed over him, inflicting injuries from which he died. It is strenuously urged by the appellant that the testimony of plaintiff's witnesses is improbable, and that it was physically impossible for the accident to happen as they narrate it. We think otherwise. The plaintiff produced four disinterested eyewitnesses, who testify to the rapid rate of speed at which the defendant's wagon was traveling, and, while they differ somewhat as to the precise location of the boy with reference to the curb, they all agree that they saw him struck by the hub of the front wheel, and, although their recollections may not be reliable as to just the manner in which he got under the rear wheel, it is improbable that they could be mistaken about the fact that they saw the hind wheel pass over his body almost instantly after he was struck by the hub of the forward wheel. Consid-

ering the position of the boy upon the sidewalk and the high rate of speed at which the defendant's delivery wagon approached, we think the questions as to whether the defendant was negligent and whether the boy was free from negligence were properly submitted to the jury, and that their verdict is amply sustained by the evidence.

In the body of the charge the court said to the jury on the subject of damages:

"You may also consider the probability whether this son, after he became of age, would not have been led by natural affection to give his father the benefit of his services, earnings, or support in some degree, and whether, by the loss of the son in infancy, the father has lost any probable benefit by way of the use of property which the son, had he lived, might have accumulated."

To this part of the charge the defendant's counsel duly excepted. We think it did not constitute prejudicial error. The jury had a right to consider not only the probability of the son's living, earning money, accumulating property, and contributing to the needs of his father, but also the possibility of his father surviving him, and inheriting his property. Johnson v. Railroad Co., 80 Hun, 306, 30 N. Y. Supp. 318; Benson v. Corbin, 145 N. Y. 351, 40 N. E. 11. In the light of these decisions, the only theory upon which it could be contended that the charge is erroneous is that it gave the impression to the jury that the father would be entitled as matter of law to the use of the son's property; but we think that no such inference would be drawn therefrom by the jury.

The appellant's first, fourth, eighth, and eleventh requests to charge embraced correct propositions of law, but we think they were sufficiently covered by the court in the main charge, and it was not error to refuse to repeat them.

The only other question which requires consideration is as to whether the verdict, which was for $5,250, is excessive. The evidence showed that the boy, who was within nine days of being eight years of age, was healthy, strong, handsome, bright, and studious; and had been attending school for about two years. The father, who is entitled to the recovery, was the proprietor of a saloon; but there is no evidence as to his age or health. In the case of Schaffer v. Transfer Co., 29 App. Div. 459, 51 N. Y. Supp. 1092, this court reduced a verdict of $6,000 for the death of a boy 8½ years of age to $3,000. The grounds of that decision are equally applicable here, and it is unnecessary to recite them. For the reasons there assigned, we think this verdict should be reduced to $3,000. If the boy, had he lived, would have earned and contributed $3,000 to his father, it may well be that he would have contributed much more; but where the verdicts rest so much upon speculation the courts must exercise the power to set them aside when they appear to be excessive, and, of course, the plaintiff may take a new trial if he prefers.

The judgment, therefore, should be reversed, and a new trial granted, with costs to appellant to abide the event, unless the plaintiff stipulates to reduce the verdict to $3,000, in which case the judgment should be affirmed as so modified, without costs. All concur.