ALFRED B. ADAMS and Another, Plaintiffs, *v.* MARCELLUS HARTLEY DODGE and Another, Defendants.

(Supreme Court, New York Special Term, March, 1921.)

Bill of particulars — who entitled to — pleading — commissions — agency.

A bill of particulars is unnecessary when the complaint is sufficiently specific.

Where the gist of a complaint is that on an unspecified date it was agreed that plaintiff's commission on a sale to the French government, alleged to have been negotiated by plaintiff on behalf of defendants, should be a certain fixed proportion of the purchase price, the plaintiff may properly be required to give a bill of particulars in regard to immaterial matters which by pleading he has assumed or admitted are material.

The gist of the defense, so far as material, was that one of the defendants was merely acting as agent of the other in the transaction. *Held,* that an apparent admission of an allegation of the complaint, that it was agreed between plaintiff and defendants, by an allegation of the answer that it was finally agreed with plaintiff, by the defendant for whom the other defendant was acting, that plaintiff's commission should be, etc., was really a denial of said allegation of the complaint, it being admitted only that an agreement was made with but one of the defendants.

The answer containing nothing to indicate that the date of the agreement admitted by the answer was the same as that set up in the complaint, defendants were entitled to a bill of particulars to the end that they may be apprised of the date when plaintiff claims both defendants entered into the agreement, and also of all other appropriate particulars thereof sought by defendants.

MOTION for a bill of particulars.

Hornblower, Miller & Garrison (Geo. S. Hornblower, of counsel), for plaintiffs.

Shearman & Sterling (Chauncey B. Garver, of counsel), for defendants.

BIJUR, J. This is a motion for a bill of particulars.

Plaintiff Adams sues for his commissions on a sale to the French government alleged to have been negotiated by him on behalf of defendants. The complaint alleges that the plaintiff Adams "arrived in New York on or about March 22, 1915, and immediately went to the defendants' offices, where he conferred with them" concerning the proposed order "* * * and after a further conference a compromise was effected, and it was agreed between the plaintiff Adams and the defendant that he should reopen negotiations * * * and that his commission thereon should be reduced," etc.

The answer in paragraph 5 "denies each and every allegation contained in Article VI thereof, except that the plaintiff Adams arrived in New York on or about March 22, 1915, and went to the offices of the defendant Dodge, where he conferred with the defendants relative to the situation and to renewing negotiations * * *. Dodge requested plaintiff Adams to agree to reduce his commission * * * and * * * it was finally agreed with him by the defendant Dodge that his commission should be * * *."

The gist of the defense (so far as material here) is that defendant Pryor was merely acting as the agent of defendant Dodge. Defendants now ask for particulars:

(1) As to the exact date when Adams conferred with defendants and whether that conference was with defendant Dodge or defendant Pryor or both, etc.

(2) The exact date upon which occurred the further conference when the "compromise" agreement was effected.

(3) Whether the "compromise" agreement was made orally or in writing, etc., and also the precise terms under which the plaintiff Adams' commissions became payable in installments.

(4) Whether it was made with defendant Dodge or defendant Pryor or both, etc.

The difficulty which has arisen in this case is due to the disregard by the draftsman of the complaint of an important rule of pleading, *i. e.*, that only *material* facts be set out. Section 481 of the Code of Civil Procedure provides that: " The complaint must contain (2) A plain and concise statement of *the facts constituting each cause of action* without unnecessary repetition." The method of pleading prescribed by the Code — as distinguished from the former practice — was designated to require the allegation of facts rather than the merely formal and unilluminative "common counts." *Bush* v. *Prosser,* 11 N. Y. 347, 352; *Conaughty* v. *Nichols,* 42 id. 83.

On the other hand, since section 500 of the Code of Civil Procedure provides that: " The answer of the defendant must contain: A general or specific denial of each *material* allegation of the complaint controverted by the defendant," it was not intended that the complaint should set out immaterial matter. Indeed, such matter need not be denied, and failure to deny it does not imply its admission. *Linton* v. *Unexcelled Fireworks Co.,* 124 N. Y. 533; *Fry* v. *Bennett,* 5 Sand. 54; *Connoss* v. *Meir,* 2 E. D. Smith, 314; *Sands* v. *St. John,* 36 Barb. 24; *Brown* v. *Cody,* 23 App. Div. 210.

Judged by these rules, it would seem to have been wholly unnecessary for plaintiff to have alleged that he arrived in New York on any particular date and immediately or otherwise went to defendants' offices and conferred with them. The gist of his complaint is, as alleged in the same paragraph, that on some date, not specified, " it was agreed * * * that plaintiff's commission should be" a certain fixed proportion of the price. Plaintiff's cause of action rests upon an alleged breach of the agreement then effected

to pay him a fixed commission. Nothing further need have been alleged, and there was no more reason to refer to plaintiff's arrival in New York on March twenty-second and the conference then held than there was to relate other circumstances of his previous acquaintance with the defendants. Defendants might quite properly have disregarded these unnecessary statements, but in response to plaintiff's allegation they have admitted them. Plaintiff, however, may properly be required to give a bill of particulars in regard thereto, because by his own pleading he had assumed or admitted that they are material. *Cunard* v. *Francklyn,* 111 N. Y. 511. Since, however, in any event, the precise date of the first conference is specified by the complaint, and it is therein stated to have occurred with the defendants, which defendants admit, it is unnecessary for plaintiff to furnish a bill of particulars in that respect.

The function of a bill of particulars has been frequently described as of a two-fold nature, namely, to " amplify the pleadings " (*Dwight* v. *Germania Life Ins. Co.,* 84 N. Y. 493, 506; *Starkweather* v. *Kittle,* 17 Wend. 20), and to " limit generalities " (*Gee* v. *Chase Mfg. Co.,* 12 Hun, 630). It is therefore plainly unnecessary where the complaint is respectively sufficiently broad or specific. In such a case the pleading needs no amplification, and there is no generality to be limited. *Fullerton* v. *Gaylord,* 30 N. Y. Super. Ct. 551, 557; *Ehrgott* v. *City of New York,* 96 N. Y. 264, 277. The particular object of a bill of particulars is well defined in *Slingerland* v. *Corwin,* 105 App. Div. 310, 311. " Its purpose is only to amplify the pleading and indicate with more particularity than is ordinarily required in a formal plea the *nature* of the claim made *in order that surprise upon the trial may be avoided* and the issues more intelligently met." *Taylor* v. *Security*

*Mutual Life Ins. Co.,* 73 App. Div. 318. The avoidance of surprise at the trial is also adverted to in the *Dwight Case (supra)* at page 503: " It (*i. e.,* the ordering of a bill of particulars) is a power incident to the general authority of the court in the administration of justice. It is the same power, in kind, that courts have to grant a new trial on the ground of surprise. The latter is remedial and curative. The former (namely, bill of particulars) is preventative. But both have the same purpose, to reach exact justice between the parties, by learning just what is the truth, and to learn what is the truth by giving to each party all reasonable opportunity to produce his own proofs, and to meet and sift those of his adversary."

Judged by these standards, it seems to me to be clear that the particulars asked for by defendants in respect of the second sentence of paragraph 6 of the complaint should be furnished. That sentence is the only one which contains the allegation of the actual agreement upon which plaintiffs sue. The complaint alleges that " it was agreed between plaintiff Adams and the *defendants."* The answer says: " It was finally agreed with him (plaintiff Adams) by the defendant *Dodge* that his commission should be," etc. It will be observed that in substance the apparent admission of the answer is in reality a denial of the allegation of the complaint that an agreement was entered into between plaintiff and the *defendants,* it being admitted only that an agreement was made between plaintiff and defendant Dodge. There is nothing in the answer to indicate that the date of the "admitted " agreement between plaintiff and defendant Dodge is the same as that referred to in the plaintiff's allegation of an agreement between plaintiff Adams and both defendants. Since this is the very essence of the cause of action, defendants are entitled

to the particulars of the plaintiffs' " *claim* " in that regard. *Dwight* v. *Germania Life Ins. Co., supra,* 503; Code Civ. Pro. § 531, last sentence. Plaintiffs cannot successfully urge that the defendants have sufficient knowledge to enable them to guess at the particular occurrence indicated. Defendants are entitled to know, and not to be relegated to conjecture, concerning what is actually claimed by the plaintiffs in that regard. *Dwyer* v. *Slattery,* 118 App. Div. 345; *Waller* v. *Degnon Cont. Co.,* 120 id. 389. Defendants should therefore be apprised of the date when plaintiffs claim that *both* defendants entered into the agreement and also of all the appropriate particulars of such agreement as requested in the second and third items of the demand for a bill of particulars.

The terms upon which plaintiffs' commissions are claimed to have become payable are alleged in paragraph 7 of the complaint by reference to a contract between the defendants and the French government; this, in turn, is apparently sufficiently specified in paragraph 7 of the complaint. So much, therefore, of the third item in the request may be omitted. The fourth item, covering other details of the alleged ultimate agreement, should be furnished.

Although at first blush the attitude of the defendants may appear captious and hypercritical, an analysis of their contentions has convinced me of their soundness. Close thinking and clear expression are conducive to accuracy and expedition on the trial. In most cases it becomes necessary at some stage of the litigation to define the controversy clearly. It is better, as indicated in the cases hereinabove cited, to prevent surprise in advance by a clear definition of the facts controverted rather than to await the trial and there incur the risk of confusion and delay. We have dispensed with mere formalism; it still remains

true, however, as said by Earl, J., in *Southwick* v. *First Nat. Bank of Memphis,* 84 N. Y. 420, 429, that: " Pleadings and a *distinct issue* are essential in every system of jurisprudence, and there can be no orderly administration of justice without them."

My conclusion, therefore, is that the first item is unnecessary, but that the second, the first half of the third, and the entire fourth items are matters upon which the defendant is entitled to the bill sought on this motion.

Ordered accordingly.